_____

No. 95-2325
_____

Lee A. Sill,                       *
                                   *
     Plaintiff - Appellant,        *
                                   *  Appeal from the United States
     v.                            *  District Court for the
                                   *  Western District of Missouri.
Shirley S. Chater, Commissioner    *
of Social Security,                *        [UNPUBLISHED]
                                   *
     Defendant - Appellee.         *
                             _____

               Submitted:  January 12, 1996

                 Filed:  February 23, 1996
                             _____

Before LOKEN, REAVLEY,[*] and HANSEN, Circuit Judges.
                             _____


PER CURIAM.


     Lee A. Sill applied for Social Security disability insurance
and Supplemental Security Income benefits.  His application was
denied initially and on reconsideration, and Sill requested a
hearing.  The Commissioner's Administrative Law Judge denied the
application, finding that Sill suffers from severe impairments of
chest pain and a personality disorder but his complaints of
disabling pain are not credible; that his impairments prevent Sill
from performing his past relevant work of auto mechanic; but that
Sill is not disabled because he has the residual functional
capacity to perform light, sedentary, and some medium work, such as
grounds-keeper, light janitorial, and sedentary assembly positions.
The Commissioner's Appeals Council denied review, Sill then sought

_____

     *The HONORABLE THOMAS M. REAVLEY, United States Circuit Judge
     for the Fifth Circuit, sitting by designation.

judicial review, and the district court[1] granted summary judgment in favor of the Commissioner on the ground that substantial evidence on the record as a whole supports the agency decision.

On appeal, Sill argues that the ALJ's findings were based upon a faulty hypothetical to the vocational expert. The vocational expert testified that someone with Sill's impairments lacks the residual functional capacity to perform substantial gainful activity if his reliability rating is poor, but has the capacity to perform sedentary, light, and some medium work if that rating is fair. Sill argues that the ALJ relied upon the expert's answer to the wrong hypothetical because there was medical testimony that Sill's reliability is poor given his long-standing alcoholism. However, that medical testimony assumed that Sill is unable to control his drinking, based upon his past behavior. On the other hand, Sill did not allege drinking as a cause of his disability, and he testified that he now is able to control his drinking. As the evidence on this issue was conflicting, we agree with the district court that there is substantial evidence on the record as a whole to support the ALJ's finding of no disability. Moreover, the ALJ did not err in basing his residual functional capacity finding on the vocational expert's answer to a hypothetical that included only those impairments that the ALJ found credible.

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

_____

[1]The HONORABLE JOSEPH E. STEVENS, JR., Chief Judge of the United States District Court for the Western District of Missouri.

-2-